IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH E. THOMPSON,<br><br>                           Plaintiff,<br><br>-v-<br><br>CITY OF OMAHA, NEBRASKA; and JOHN DOES 1 – 9, individuals being sued in their individual capacity,<br><br>                           Defendants. | Case No. 8:22-cv-391<br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

## COMPLAINT

**COMES NOW**, Plaintiff, Kenneth E. Thompson, by and through his counsel of record, Corey Wilson of Resolute Law, LLC, alleges and states as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of a malicious beating perpetrated by several law enforcement officers against Thompson, the denial of adequate medical care and the failure to intervene as a result. Law enforcement officers attempted to conceal their actions pursuant to an official policy or unofficial custom of the City of Omaha police department to cover up incidents of serious misconduct.

2. Plaintiff seeks money damages for: (1) excessive use of force in deploying a taser twice when he was surrendering in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (2) excessive use of force by stomping and kicking his body when he was surrendering in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (3) the use of excessive force in engaging in unprovoked beating when he was handcuffed and detained in violation of the Fourth and Fourteenth Amendments to the United States Constitution; (4) failure to intervene another officer's use of excessive force in violation of

the Fourteenth Amendment to the United States Constitution; (5) the denial of adequate medical care in violation of the Fourteenth Amendment to the United States Constitution; and, (6) the cover up and concealment of the use of excessive force pursuant to an official policy or unofficial custom of the City of Omaha Police Department in violation of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION & VENUE

3.	This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. §§ 1983 and 1988.

4.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Thompson's claims occurred in Douglas County, Nebraska, and pursuant to 18 U.S.C. § 1965.

## PARTIES

5.	Plaintiff Kenneth Thompson, is a citizen of the United States and resides in Omaha, Nebraska.

6.	Defendant City of Omaha is a local public municipal entity under the laws of the State of Nebraska.

7.	Defendants John/Jane Does 1-9 (hereinafter collectively "OPD officers") were, at all times relevant herein, employees of the OPD. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual capacity.

8.	All mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the causes of action. All defendants have acted and continue

to act under the color of law in the State of Nebraska at all times relevant to this complaint. Their deprivations of Thompson's constitutional rights are set forth in the following statements of facts and causes of action.

## STATEMENTS OF FACT

**Events Leading to Excessive Use of Force**

9. On or about November 10, 2019, at approximately 10:00 p.m., Thompson left his sister's residence located at 5203 N. 27th Avenue, Omaha, Nebraska, an area of Omaha where there is a high prevalence of gang activity.

10. After leaving his sister's residence, Thompson entered his sister's vehicle and proceeded to drive away.

11. At which time, Thompson noticed that he was being followed by an unmarked black SUV. Said SUV was void of official markings and no emergency lights were activated on this vehicle.

12. In fear for his life, Thompson sped away from the SUV that was following him as he was not aware who was following him nor why.

13. After driving several blocks, Thompson eventually abandoned the vehicle and ran down an alley in an effort to find safety at his friend's residence.

14. Upon reaching his friend's residence, Thompson laid down on his side on the front porch not knowing who was chasing him.

15. Shortly thereafter, Defendants John Doe 1 and 2 in police uniforms appeared at the steps of the porch.

16. Without giving any instructions or commands, Defendant John Doe 1 deployed his taser on Thompson after he had put his hands up.

17. Thompson was subjected to being tased twice, despite having surrendered and given no verbal instructions or commands by Defendant John Doe 1.

18. Immediately after being tased, Defendants John Doe 1 and 2 proceeded to stomp and kick Thompson's feet, legs, and torso while he laid incapacitated on the porch.

19. During the stomping and kicking of Thompson's body, neither John Doe 1 nor 2 provided Thompson any instructions or commands for which Thompson was provided any opportunity to comply or failed to follow.

20. While lying on the porch, at no time did Thompson resist being arrested.

21. After engaging the vicious kicking and stomping of Thompson's body, Defendants John Doe 1 and 2, picked Thompson up off the porch and proceeded to restrain him by placing him in handcuffs behind his back.

22. While Thompson's torso was bent over the porch railing and the handcuffs were being applied, Defendants John/Jane Does 3 – 9 began to punch Thompson in his face and head.

23. After securing Thompson in handcuffs, Defendants John Does 1 and 2, removed Thompson from the porch where the remaining Defendants John/Jane Does 3 – 9 continued beating Thompson by punching him in the face, back, and ribs.

24. At no time did any Defendants John/Jane Does intervene to prevent the others from savagely attacking Thompson while he was already restrained.

25. During the brutal attack, Defendants John/Jane Doe officers stated, "This is what you get for running."

**Defendants Failed to Provide Medical Care**

26. While the Defendants John/Jane Does 1 – 9 were savagely beating Thompson, all Defendants John/Jane Does 1 – 9 were present in the front yard where the beating was taking place.

27. Defendants John/Jane Does neither intervened to stop the savage beating nor provided any medical assistance to Thompson.

28. After beating Thompson, Defendants John/Jane Does 1 – 9 laughed and ridiculed Thompson.

29. Despite needing medical attention from the unprovoked beating, Thompson laid on the ground scared, beaten, and bloodied.

30. Eventually paramedics arrived and treated Thompson for his sustained injuries.

31. After which, Thompson was taken back to Douglas County Jail.

**Defendants Make a Concerted Effort to Cover Up Beating**

32. Defendants John/Jane Does 1 – 9 attempted to cover up or deny the November 10, 2019, incident as soon as it happened.

33. Defendants John/Jane Does 1 – 9, in concert with others, altered or made incorrect entries in records and reports to give the appearance that Thompson had resisted arrest when in fact he had surrendered.

34. Thompson was charged with resisting arrest.

35. After learning that the residence in which Thompson had been arrested contained a security camera that recorded the incident, unknown Defendants John/Jane Does seized the hard drive of the security camera footage under the false pretext of investigating a different crime.

36. At no time has the Omaha City Police Department made available the security camera video footage to Thompson.

**The Cover-Up Is an Official Policy or Unofficial Custom of Defendant City of Omaha**

37. The acts described above are part of an institutional practice or unofficial custom, constituting an official policy of the City of Omaha Police Department of covering up of instances of serious misconduct, especially the use of excessive force, by law enforcement officers.

38. On information and belief, Defendant City of Omaha had prior notice of the propensity of City of Omaha police department to cover-up excessive force by law enforcement officers but took inadequate steps to train and supervise these employees, correct their abuse of authority, or implement meaningful procedures to discourage their unlawful abuse of power.

39. City of Omaha's failure to supervise and/or train the employees included failure to properly instruct them in the applicable provisions of the use of force.

40. On information and belief, City of Omaha tolerated, as institutional policy, practice, or custom, or authorized and ratified the systematic pattern by their employees of covering up the excessive use of physical force by law enforcement officers, with the intention of and/or having the effect of depriving Thompson of his rights and privileges afforded to him by the United States Constitution.

41. The effect of this policy was to encourage City of Omaha Police Department law enforcement officers, including Defendants John/Jane Does 1 – 9, to use excessive force against arrestees.

42. In so doing, the policy contributed to the physical assault on Thompson and his resulting injuries.

43. On information and belief, the practice or custom includes the following tactics by the City of Omaha's Police Department, which are used so frequently that they amount to an official policy of City of Omaha:

    a.    Fabricating police reports to assert allegations of additional wrongdoing to mislead the public and to show a deliberately indifferent attitude towards official misconduct;

    b.    Allowing police officers being investigated for serious charges of excessive force to continue working while the investigation were ongoing;

    c.    Providing no protection or incentives for witnesses of excessive use of force to come forth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force; and

    d.    Creating an atmosphere where police officers are discouraged from treating intervening or treating injuries from excessive force promptly and adequately, from documenting the injuries appropriately, and from cooperating with investigations by telling the truth about the injuries, and instead providing incentives for medical personnel to cover up excessive force.

**Thompson Continues to Suffer from Injuries Sustained from the Beating**

44. Thompson has sustained permanent physical and psychological trauma, has suffered great pain and discomfort and continues to experience physical and psychological damage.

**COUNT I**
**SECTION 1983 CLAIM – USE OF EXCESSIVE FORCE**

45. The allegations of paragraphs 1 through 44 are incorporated herein by reference.

46. As described above, on November 10, 2019, Defendants John Does 1 used force against Thompson.

47. Defendants John Doe 1 deployed his taser onto Thompson while Thompson was lying flat on a porch with his hands up surrendering to John Doe 1.

48. The acts of excessive force by Defendants John Doe 1 were the direct and proximate cause of physical and psychological injuries to Thompson.

49. The actions of Defendants John Doe 1 were performed under color state law and violated Thompson's rights under the Fourteenth Amendment to the United States Constitution.

50. The conduct of Defendants John Doe 1 and 2 were willful and exhibited a flagrant disregard for Thompson's federally secured due process rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## COUNT II
## SECTION 1983 CLAIM – USE OF EXCESSIVE FORCE

51. The allegations of paragraphs 1 through 50 are incorporated herein by reference.

52. As described above, Defendants John/Jane Does 1 and 2 used force against Thompson.

53. Defendants John Does 1 and 2 stomped on and kicked Thompson's body while Thompson was lying flat on a porch with his hands up surrendering to John Doe 1 and 2.

54. The acts of excessive force by Defendants John Doe 1 and 2 were the direct and proximate cause of physical and psychological injuries to Thompson.

55. The actions of Defendants John Doe 1 and 2 were performed under color state law and violated Thompson's rights under the Fourteenth Amendment to the United States Constitution.

56. The conduct of Defendants John Doe 1 and 2 were willful and exhibited a flagrant disregard for Thompson's federally secured due process rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## COUNT III
## SECTION 1983 CLAIM – USE OF EXCESSIVE FORCE

57. The allegations of paragraphs 1 through 56 are incorporated herein by reference.

58. As described above, Defendants John/Jane Does 3 – 9 used force against Thompson.

59. Defendants John/Jane Does 3 – 9 punched Thompson in his face, back and ribs after Thompson had been handcuffed and detained.

60. The acts of excessive force by Defendants John/Jane Doe 3 – 9 were the direct and proximate cause of physical and psychological injuries to Thompson.

61. The actions of Defendants John/Jane Doe 3 – 9 were performed under color state law and violated Thompson's rights under the Fourteenth Amendment to the United States Constitution.

62. The conduct of Defendants John/Jane Doe 3 – 9 were willful and exhibited a flagrant disregard for Thompson's federally secured due process rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## COUNT IV
## SECTION 1983 CLAIM – FAILURE TO INTERVENE

63. The allegations of paragraphs 1 through 62 are incorporated herein by reference.

64. As described above, Defendants John/Jane Does 1 – 9 each used force against Thompson.

65. Defendants John/Jane Does 1 – 9 were present when the other defendants engaged in using force against Thompson that were the direct and proximate cause of physical and psychological injuries to Thompson.

66. Defendants John/Jane Does 1 – 9 were aware that the force used by the other defendants were excessive.

67. Defendants John/Jane Does 1 – 9 made no efforts to intervene to stop the use of excessive force engaged by the other defendants.

68. The actions of Defendants John/Jane Doe 1 – 9 were performed under color state law and violated Thompson's rights under the Fourteenth Amendment to the United States Constitution.

69. The conduct of Defendants John/Jane Doe 1 – 9 were willful and exhibited a flagrant disregard for Thompson's federally secured due process rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## COUNT V
### SECTION 1983 CLAIM – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

70. The allegations of paragraphs 1 through 69 are incorporated herein by reference.

71. As described above, Defendants John/Jane Does 1 – 9 failed to ensure that Thompson received prompt and adequate medical care subsequent to the beating he received on November 10, 2019.

72. Defendants John/Jane Does 1 – 9 had knowledge Thompson was in need of medical attention after their conduct caused bleeding from face, a bloody nose, bruised ribs, back, and legs, and the Thompson's repeated request for medical help.

73. As a direct and proximate result of the actions of Defendant John/Jane Does 1 – 9 to ensure that Thompson received prompt and adequate medical care, Thompson was subjected to increased pain and the threat of serious physical injury.

74. The actions of Defendant John/Jane Does 1 – 9 exhibited deliberate indifference to Thompson's serious medical needs, were performed under the color of state law, and violated Thompson's rights under the Fourteenth Amendment to the United States Constitution.

75. The conduct of Defendant John/Jane Does 1 – 9 were willful and exhibited a flagrant disregard for Thompson's federally secured rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## COUNT VI
## SECTION 1983 CLAIM – COVER UP BY CITY OF OMAHA

76. The allegations of paragraphs 1 through 75 are incorporated herein by reference.

77. As described above, the actions of Defendants Myers and John Does 1 – 9 in covering up the excessive force by Defendants John/Jane Does 1 – 9 pursuant to an official policy or unofficial custom of the City of Omaha Police Department were performed under color of state law and violated Thompson's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

78. The actions of Defendants John/Jane Does 1 – 9 in covering up the acts of excessive force against Thompson were the direct and proximate cause of serious and ongoing physical and psychological injuries to Thompson.

79. The conduct of Defendants John/Jane Does 1 – 9 was willful and exhibited a flagrant disregard for Thompson's federally secured due process rights. Accordingly, these defendants are liable to Thompson under 42 U.S.C. § 1983.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays for judgment in his factor and against Defendants on all counts and for the following relief:

A. Compensatory damages against all defendants jointly and severally in an amount to be determined at trial;

B. Punitive damages against all defendants as allowed by law in an amount to be determined at trial;

C. Pre- and post-judgment interest as allowed by law;

D. Reasonable costs and attorney fees incurred herein as allowed by law; and

E. For such further relief that the Court may deem just and equitable.

-12-

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts so triable.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

**DATED**: November 10, 2022

                                              Respectfully submitted,

                                              KENNETH E. THOMPSON, II

BY: /s/ *Cory R. Wilson*
      Cory R. Wilson
      NE Bar Number: 26640
      *Attorney for Plaintiff*
      Resolute Law, LLC
      10330 Regency Parkway Drive
      Omaha, NE 68114
      Telephone: (402) 309-7106
      Email cory.wilson@resolutelawllc.com

      Oluseyi O. Olowolafe
      NE Bar Number: 26896
      *Attorney for Plaintiff*
      Olowolafe Law Firm, LLC
      1201 Golden Gate Drive
      Papillion, NE 68046
      Telephone: (402) 995-9554
      Email: seyi.olowolafe@ololawfirm.com